UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD COLE,

    Plaintiff,                                      Civil Action No. 17-CV-12928

vs.                                                    HON. BERNARD A. FRIEDMAN

COUNTY OF MONROE, et al.,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANTS' SECOND MOTION TO DEEM FACTS ADMITTED

This matter is presently before the Court on defendants' second motion to deem facts admitted [docket entry 25]. Plaintiff has not responded and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. Therefore, the hearing scheduled for May 22, 2018, is canceled.

Plaintiff, a former Monroe County deputy sheriff, alleges that the current Monroe County sheriff has denied his requests to provide him with his "retirement credentials including the photographic identification" that plaintiff needs in order to obtain a concealed firearms permit under the Law Enforcement Officers Safety Act ("LEOSA"), 18 U.S.C. § 926C. Compl. ¶ 29. Plaintiff alleges that the sheriff has denied these requests in retaliation for plaintiff's support of another candidate for sheriff in the last election. *Id.* ¶ 34. Plaintiff claims that the sheriff and Monroe County have violated his rights under LEOSA and under the First and Fourteenth Amendments. For relief, plaintiff seeks damages, costs, and an injunction ordering the sheriff to provide him with his retirement credentials.

In the instant motion, defendants argue that plaintiff has responded improperly to their requests for admission. The admission requests were mailed to plaintiff on November 2, 2017. *See* docket entry 14-1 (Pg ID 82). Plaintiff responded on December 6 by objecting to each of the 30 admission requests on the grounds that "this incident took place over 20 years ago [and that] this request is not relevant to the cause of action that is at issue in this case." *See* docket entry 14-5 (Pg ID 148-59). On December 27, defendants filed a "motion to deem facts admitted," in which they argued that plaintiff's objections were unjustified. Plaintiff responded to this motion on February 6 by filing substantive answers to defendants' admission requests. *See* docket entry 19. Magistrate Judge Majzoub denied defendants' motion because the "prayer for relief is not consistent with the title or body of the motion," but she invited defendants to file a corrected motion within fourteen days and, if defendants elected to do so, instructed them to "address Plaintiff's February 6, 2018 filing of revised answers . . . and any resolved or unresolved issues resulting therefrom."

In their "corrected motion" now before the Court, defendants argue that plaintiff should not be permitted to revise his initial responses and that those responses (i.e., objections) are improper. Alternatively, defendants argue that plaintiff's revised responses are insufficient. In either event, defendants argue that plaintiff should be deemed to have admitted all of the admission requests.

Plaintiff's repeated objection, in his initial response to the admission requests, was improper. Under Fed. R. Civ. P. 36(a)(5), "[t]he grounds for objecting to a request must be stated." Plaintiff's objection that "this incident took place over 20 years ago" does not explain the grounds for the objection. If meant to imply that plaintiff lacks memory of the event, it is contradicted by plaintiff's revised responses, in which he has responded substantively and at times in some detail.

If meant to imply lack of relevance, it is redundant of the second part of the objection ("not relevant to the cause of action that is at issue in this case"), which itself is improper in light of the broad definition of relevance under Fed. R. Civ. P. 26(b). On their face the admission requests are plainly relevant, as they concern an investigation by the Michigan Sheriff's Association and the Bureau of Alcohol Tobacco and Firearms into plaintiff's involvement in purchasing firearms while he was employed as a deputy sheriff.

When, as here, the Court determines that plaintiff's objections are improper, "the court must order that an answer be served." Fed. R. Civ. P. 36(a)(6). In the present case, the Court need not do so because plaintiff has submitted revised answers responding without objection to each admission request. Defendants cite authority for the proposition that a party should not be permitted to revise its responses to admission requests after a motion has been filed challenging the sufficiency of the responses. However, the Court prefers to examine plaintiff's revised answers in the interest of resolving issues on the merits rather than by default.

Defendants argue that plaintiff's answers to admission requests 5, 6, 8, 9, 11, 18, 19, 21-27, 29 and 30 are insufficient and suggest that plaintiff should be deemed to have admitted all of these requests. The Court has examined all of these admission requests and plaintiff's answers, and denies defendants' motion as to admission requests 5, 6, 8, 19, 21-25, and 30. If defendants wish to delve deeper into these areas, other discovery tools are available to them.

Plaintiff's remaining answers (to admission requests 9, 11, 18, 26, 27, and 29) are insufficient. These requests, and responses, are:

> 9. That at the meeting of September 17, 1996, did you inform the investigators that Marine Officer Norman Whipple wished to purchase a gun and that there were other marine officers who wanted to purchase weapons as well?

3

**RESPONSE**: I believe Norm Whipple was a marine officer and he want [sic] to buy a gun.

11. That the [sic] meeting of September 17, 1996, did you tell investigating officers Norm Whipple and George Foreman had prior knowledge that their names were going to be used for the order of the weapons.
**RESPONSE**: I believe Norm Whipple did order a gun and I thought Sheriff VanWert had told George Foreman about his name being used to order the Gun. George Foreman was the Jail Administrator and was one of Sheriff VanWert's appointed people.

18. Do you admit that on September 17, 1996, the rosters for marine deputies, reserve deputies and sheriff posse members did not contain the names of Richard J. Russell, Jr., Melvin E. Briskey or Leon Lafen.
**RESPONSE**: yes they were special officers appointed by the sheriff. The facts are that Sheriff Van Wert had some goals for reelection to gain support. He wanted to add a number of Special Deputies.

26. Did you tell Melvin Briskey to stick with the date on the marine deputy application and to tell no one that Briskey and Cole had met and discussed the application.
**RESPONSE**: I told him to date the application using the date of the original application[.]

27. Did you state to Carl M. Reuther that you were being investigated and that "we need to get together and talk about this, I may lose my pension over this".
**RESPONSE**: I told Carl Ruether that they were trying to eliminate me from the Sheriff Department and take my pension.

29. Do you admit that in September 1996 you asked Leon Lafen fill out [sic] an application for marine deputy and back date the application to December 1995.
**RESPONSE**[:] He had filled out an application shortly after we attended a dinner together at the Monroe Men's Club and his original application was misplaced or deliberately destroyed.

These answers are insufficient because they do not comply with Fed. R. Civ. P. 36(a)(4), which states, in relevant part:

> If a matter is not admitted, the answer must specifically deny it or

> state in detail why the answering party cannot truthfully admit or
> deny it. A denial must fairly respond to the substance of the matter;
> and when good faith requires that a party qualify an answer or deny
> only a part of a matter, the answer must specify the part admitted and
> qualify or deny the rest.

Plaintiff's answers to admission requests 9 and 11 are insufficient because plaintiff neither admitted nor denied the questions, which do not ask what plaintiff believes now, but whether he informed the investigators of particular information. Plaintiff's answers to admission requests 18, 26, 27, and 29 are insufficient because plaintiff neither admits nor denies the questions, but appear to address unasked questions.

For these reasons, the Court concludes that plaintiff's answers to admission requests 9, 11, 18, 26, 27, and 29 are insufficient. Plaintiff must provide sufficient answers to these admission requests as required by Fed. R. Civ. P. 36(a)(4) within seven days of the date of this order. If he fails to do so, defendants may move to deem these matters admitted. Accordingly,

IT IS ORDERED that defendants' second motion to deem facts admitted is denied.

IT IS FURTHER ORDERED that plaintiff provide sufficient answers to admission requests 9, 11, 18, 26, 27, and 29 within seven days of the date of this order.


Dated: May 8, 2018            s/Bernard A. Friedman
Detroit, Michigan          BERNARD A. FRIEDMAN
                                              SENIOR UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2018.

                                                          s/Johnetta M. Curry-Williams
                                                          Case Manager